IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSICA REGINA PHIFER | § | |
| Vs. | § | CIVIL ACTION NO. 6:07CV213 |
| CLINT BENSON, ET AL. | § | |

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Plaintiff Jessica Regina Phifer filed the above-styled lawsuit on May 11, 2007. The case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. Defendants filed a Motion for Summary Judgment on Qualified Immunity Grounds (document #22) on December 21, 2007. A response was filed by Plaintiff on December 27, 2007 and a reply was filed by Defendants on January 4, 2008. For the reasons assigned below, the Court finds that the motion should be granted.

*Background*

Plaintiff filed this lawsuit seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that she was unlawfully arrested and incarcerated on April 19, 2006, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendants, a Smith County deputy sheriff and a Smith County lieutenant, wrongfully arrested her and took her to the Smith County Jail. Plaintiff submits that Defendants arrested her based on an arrest warrant

for a different person named Jessica Walker. Plaintiff argues that Defendants had sufficient facts to know that the warrant was for a different person because Jessica Walker is a different race and age.

In October 2005, an arrest warrant was prepared by a deputy district clerk in the Smith County District Clerk's office upon receipt of a Bond Violation Report for Jessica Walker that included an order from Judge Cynthia Kent for Jessica Walker's bond to be revoked. While preparing the warrant, the clerk conducted a search for Jessica Walker in AbleTerm, computer software that stores information on arrested and incarcerated persons. The search was conducted to locate Jessica Walker's personal information for use in the warrant. The only entry that appeared as a result of the search was an entry for "Jessica Walker aka Jessica Phifer." The clerk prepared the warrant using the identifying information provided for "Jessica Walker aka Jessica Phifer" and the warrant was signed by Judge Kent.

Approximately six months later, Lt. Craig Shelton picked up the warrant packet for Jessica Walker. His duties included serving arrest warrants. The packet for Jessica Walker included the warrant, a letter from the United States Department of Justice ("DOJ") and screen printout pages from the AbleTerm search. The AbleTerm printout included documents identifying Jessica Phifer, three book-in photographs of Jessica Phifer and information concerning Jessica Phifer's business. The identifying information on the warrant included Jessica Phifer's date of birth, social security number, driver's license number and physical description. The DOJ document included the same identifying information for Jessica Phifer and provided a possible location of "Walker, Jessica aka Phifer, Jessica Regina" at [11324 CR 2249](#) in Tyler. Following the identifying information on the DOJ document is a statement that the "FBI is only in the position to provide possible location

information and it is up to the discretion of your agency to verify the information and to take the appropriate arresting, prosecutorial or administrative action on this fugitive felon" (emphasis omitted).

On April 19, 2006, Lt. Shelton and Deputy Clint Benson went to the address on County Road 2249 to serve the warrant. Lt. Shelton and Deputy Benson located Jessica Phifer at the residence. When asked if she had ever used the name "Jessica Walker," Jessica Phifer responded affirmatively and she confirmed that the date of birth, driver's license number and social security number on the warrant were hers. Jessica Phifer matched the description on the warrant and the photographs provided in the warrant packet. Lt. Shelton and Deputy Benson arrested Jessica Phifer based on the warrant and she was transported to the Smith County Jail. Jessica Phifer was booked into the jail at 3:49 p.m. and she was released that evening at 9:22 p.m.

The following day, Jessica Phifer went to see Jane Rawls, the Pre-Trial Supervision Officer that filed the Bond Violation Report for Jessica Walker. It was determined by the probation department that Jessica Phifer was not on bond and should not have been arrested. Their investigation concluded that the wrong person was arrested on the warrant that resulted from the Bond Violation Report.

The parties agree that Jessica Walker and Plaintiff Jessica Phifer are of different race and age and that the wrong individual was arrested. Plaintiff asserts that Defendants Shelton and Benson are liable because they failed to verify the biographical information contained in the warrant. Defendants, on the other hand, contend that they are entitled to qualified immunity because the arrest was made pursuant to a valid warrant, Plaintiff has not shown a constitutional violation and their conduct was objectively reasonable in light of clearly established law.

*Summary Judgment Standard*

Fed.R.Civ.P. 56(c) provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law.  The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986).  The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).  Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial.  *Id.*  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987).  The district court must look to the full record, including the pleadings, affidavits, and depositions.  *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).  Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986).  The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106

S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analysis*

Defendants assert the affirmative defense of qualified immunity. Qualified immunity is intended to shield government officials from liability for monetary damages for acts in the performance of discretionary functions that were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738 (1982); *Thompson v. Upshur County,* 245 F.3d 447, 456 (5th Cir.2001).

The first step is to determine whether Plaintiff's constitutional rights were violated. *Estep v. Dallas County, Texas*, 310 F.3d 353, 363 (5th Cir.2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)). "If the facts viewed in the light most favorable to the plaintiff do not show a constitutional violation, the officer is entitled to qualified immunity." *Id.* Next, the court must consider whether the right was clearly established at the time of the alleged violation. *Wilson v.*

*Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692 (1999). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Goodson v. City of Corpus Christi,* 202 F.3d 730, 736 (5th Cir.2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 201-02, 121 S.Ct. 2151. If it is determined that there was a violation of a clearly established constitutional right, the third inquiry is whether the official's conduct was objectively reasonable. *Kipps v. Caillier,* 197 F.3d 765, 768 (5th Cir.1999), *cert. denied,* 531 U.S. 816, 121 S.Ct. 52 (2000).

Phifer asserts that she was subjected to an illegal arrest in violation of the Fourth Amendment. The pertinent facts are not in dispute. The parties agree that the identifying information on the warrant was for the wrong person and the wrong person was arrested. Phifer was arrested pursuant to a facially valid arrest warrant,[1] however she was erroneously identified as the person charged with a crime. Neither Defendant was involved in obtaining or preparing the warrant. The warrant was prepared by a deputy district clerk, who mistakenly used the identifying information provided for "Jessica Walker aka Jessica Phifer." Defendants received the warrant for execution approximately six months after it was issued. When approached by Defendants, Phifer matched all identifying information Defendants received, including her physical description, driver's license number, date of birth, social security number and occupation. Phifer even indicated that she had

---

[1]Texas law requires an arrest warrant to include the name of the person whose arrest is ordered, state the offense the person is accused of, and be signed by the magistrate. See Tex.Code Crim.Proc.Ann. Art. 15.02. The warrant at issue in this case correctly stated Jessica Walker's name and alleged offense and the warrant was signed by Judge Cynthia Kent.

previously been known by the name on the warrant – Jessica Walker.

The first issue is whether Plaintiff has shown a constitutional violation. "The Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person." *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir.1994) (citing *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106 (1971)). An arrest of the wrong person on a facially valid warrant because of an honest mistake does not show a deprivation of a constitutional right. See *Simons v. Clemons*, 752 F.2d 1053, 1055 (5th Cir.1985).

In this case, Defendants had reasonable cause to believe that Phifer was the person named in the warrant. See *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034 (1987). She acknowledged that she had been known by the name "Jessica Walker" and matched all identifying information provided to Defendants. While it is regrettable that Phifer was mistakenly arrested and briefly detained, these facts do not show a violation of the Fourth Amendment by the arresting officers, Defendants Benson and Shelton. Phifer has not shown the violation of a clearly established constitutional right. Finding that Phifer has not shown the violation of a clearly established constitutional right, it is unnecessary to consider whether Defendant's actions were objectively reasonable.

For the reasons assigned above, the undersigned finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment should be granted. It is accordingly

**ORDERED** that Defendants' Motion for Summary Judgment on Qualified Immunity Grounds (document #22) is **GRANTED**. The Pretrial Conference scheduled for June 9, 2008 and

the Jury Selection and Trial scheduled for June 10, 2008 are **CANCELED**. The complaint is **DISMISSED** with prejudice. Any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **February, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE